# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 13cr04544 DMS |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND U.S.S.G. AMENDMENT 782** |
| JAIME MEZA-VEGA, | |
| Defendant. | |

This case is before the court on Defendant Jaime Meza-Vega's ("Defendant" or "Meza-Vega") motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). After reviewing the parties' briefs, the record, and the relevant legal authority, the Court **DENIES** Defendant's motion.

## I.
## BACKGROUND

In December 2013, the United States Coast Guard attempted to intercept and inspect a panga-style boat 140 nautical miles southwest of Point Loma, California. When Coast Guard cutter "Active" instructed the panga crewmen to prepare for an inspection, the panga fled with the cutter giving chase. The Coast Guard fired two warning shots at the vessel to no effect. After further pursuit, the crew of the "Active" successfully shot and disabled the

panga's engines.  Coast Guard personnel took Meza-Vega (the pilot of the vessel) and a codefendant (the passenger) into custody and discovered 2,278.84 kilograms (5,023.47 pounds) of marijuana aboard the panga.  After the Coast Guard transferred the defendants to the San Diego Marine Task Force, Meza-Vega told officers he had accepted a payment of $10,000 to smuggle drugs into the United States, but said he was not sure what type of drugs he was smuggling.  He also admitted to throwing a GPS unit and a cell phone overboard during the pursuit.

On December 31, 2013, the Government filed an information with the Court charging Jaime Meza-Vega and the codefendant with possessing marijuana on a vessel with intent to distribute in violation of 46 U.S.C. 70503 and 70506.  (ECF No. 15.)  A superseding information was filed on February 6, 2014 to correct a clerical error.  (ECF No. 23.)  The Court accepted Mr. Meza-Vega's plea of guilty to possession of marijuana on a vessel with intent to distribute on February 26, 2014.  (ECF No. 34.)  On April 25, 2014, the Court sentenced Defendant to a term of imprisonment of 70 months, with a 3-year period of supervised release to follow.  (ECF No. 46.)

Defendant filed a pro se motion seeking an unspecified sentence reduction under Amendment 782 to the United States Sentencing Guidelines on July 31, 2018.  (ECF No. 53.)  The Court appointed Federal Defenders as counsel for Mr. Meza-Vega on May 31, 2019.  (ECF No. 56.)  The Government responded in opposition to the pro se motion on June 3, 2019.  (ECF No. 58.)  Federal Defenders filed a supplemental motion and reply to the Government's opposition on June 4, 2019, seeking a 13-month reduction from 70 to 57 months.  (ECF No. 59.)  On September 16, 2019, the Court stayed this case pending resolution of *United States v. Ocegueda,* 778 F. App'x 510 (9th Cir. 2019) (unpublished). (ECF No. 63.)  The Ninth Circuit issued its memorandum opinion in *Ocegeda* on September 25, 2019.

Defendant was released from custody on July 19, 2019.  (ECF No. 59 at 2.) However, this does not render his motion moot, as he is still serving supervised release. *See Mujahid v. Daniels*, 413 F.3d 991, 994-995 (9th Cir. 2005) (first citing *Gunderson v.*

*Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001); then citing *United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001)) ("The possibility that the sentencing court would use its discretion to reduce a term of supervised release . . . [is] enough to prevent the petition from being moot.").

## II.
## DISCUSSION

Generally, a court cannot modify a sentence after imposition. *See Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. 3582(b)). However, under 18 U.S.C. § 3582(c)(2), a defendant may move for a reduction if he was sentenced based on a sentencing range that was subsequently lowered by a retroactive amendment to the Guidelines. In 2014, the United States Sentencing Commission ("Commission") approved U.S.S.G. Amendment 782, which lowered the sentencing ranges for most drug offenses by two levels. The Commission also voted to make those changes retroactive in U.S.S.G. Amendment 788.

Deciding whether a defendant is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) requires a two-step process. First, the court must apply U.S.S.G. § 1B1.10(a) to determine whether the defendant is eligible for a reduction. *Dillon*, 560 U.S. at 826 ("A court must first determine that a reduction is consistent with § 1B1.10 . . . ."). If the defendant is eligible, the court moves to the second step of the analysis, which is itself two-pronged. The court must first calculate the "amended guideline range that would have been applicable to the defendant if the amendment[] . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The court then applies U.S.S.G. § 1B1.10(b)(2) to limit the extent of the allowable reduction. Finally, the court makes a discretionary determination as to what, if any, portion of the reduction allowable under § 1B1.10(a) and (b) is warranted in the particular defendant's case. *Dillon*, 560 U.S. at 826-27; *see Koon v. United States*, 518 U.S. 81, 113 (1996). This exercise of discretion is governed by 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(2).
/ / /

**A) Eligibility: 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)**

"Under [18 U.S.C.] § 3582(c)(2), a defendant is eligible for a sentence reduction if . . . the [original] sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and . . . 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013) (footnote omitted) (citing *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009)), *overruled on other grounds by United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016). Because U.S.S.G. § 1B1.10 is the "primary applicable policy statement" for sentence reductions, the Court turns to that Guideline to determine Defendant's eligibility. *Id.* (internal quotation marks omitted).

U.S.S.G. § 1B1.10(a)(1) indicates that a defendant is eligible for a reduction if the "guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." Guidelines Application Note 1(A) defines the § 1B1.10(a)(1) applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a) . . . determined before consideration of any departure provision in the Guidelines Manual or any variance." Amendment 782 is listed in § 1B1.10(d) and is therefore a qualifying retroactive amendment.

Defendant's original base offense level was 32 before a 3-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. After the adjustment, Defendant's total offense level was 29. Defendant was in Criminal History Category III. With a total offense level of 29 and a criminal history category of III, Defendant's <u>original applicable guideline range</u>, determined pre-departure per Application Note 1(A), was <u>108-135 months</u>. *See* U.S.S.G. Ch. 5, Pt. A. If Amendment 782 were in force at the time of Defendant's sentencing, the base offense level would have been 30. After the 3-level § 3E1.1 adjustment, Defendant's total offense level would have been 27. The <u>post-amendment applicable guideline range</u> for total offense level 27 at criminal history category III is <u>87-108 months</u>. *See id.*

Amendment 782 would have lowered Defendant's U.S.S.G. § 1B1.10(a) applicable guideline range from 108-135 to 87-108 months if it were in force at time of sentencing. Since Amendment 782 is a qualifying retroactive amendment under U.S.S.G. § 1B1.10(d), Defendant is **eligible** for a reduction under 18 U.S.C. § 3582(c)(2), and the Court may move into the discretionary prong of the sentence reduction analysis.

**B) Discretion: U.S.S.G. § 1B1.10(b) and 18 U.S.C. § 3553(a)**

    1. <u>Calculating the amended guideline range under U.S.S.G. § 1B1.10(b)(1) and limiting the extent of the allowable reduction under U.S.S.G. § 1B1.10(b)(2)</u>

After determining that a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a), the court must calculate the defendant's amended guideline range. The amended guideline range is the recommended range that would have been applicable to Defendant if Amendment 782 were in effect at the time of sentencing. U.S.S.G. § 1B1.10(b)(1). Because an 18 U.S.C. § 3582(c)(2) sentence reduction is not a de novo resentencing, *Dillon*, 560 U.S. at 825, 827, the Guidelines mandate that the Court calculate Defendant's amended guideline range by "substitut[ing] only" the changes made by Amendment 782, leaving "all other guideline application decisions *unaffected*." U.S.S.G. § 1B1.10(b)(1) (emphasis added). Even in the discretionary phase, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range.'" *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

The parties dispute the meaning of the requirement that the Court leave all guideline application decisions not implicated by Amendment 782 "unaffected" in calculating the amended guideline range. The Government argues U.S.S.G. § 1B1.10(b)(1) requires the Court to ignore all departures in arriving at the amended guideline range. Under the Government's approach, the amended guideline range would be the same as the <u>87-108 month</u> post-amendment applicable guideline range (calculated *supra*, Part II, Section A), since both would exclude departures. If the Government's interpretation of the Guidelines

5

13cr04544 DMS

is correct, the Court cannot reduce Defendant's sentence, since even Defendant's original, 70-month sentence is less than the low end of the Government's proposed amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A).

Defendant argues the Court should include all original departures in determining the amended guideline range. This approach would calculate the amended guideline range by subtracting all departures from the post-amendment applicable guideline range of 87-108 months (calculated *supra*, Part II, Section A). If Defendant had the benefit of Amendment 782 at the time of sentencing, his total offense level would have been 27 after the 3-level § 3E1.1 adjustment. If the Court were to implement Defendant's approach and apply a 4-level § 5K3.1 fast track departure to arrive at a final total offense level of 23, criminal history category III, Defendant's amended guideline range would be <u>57-71 months</u>. This would allow the Court to proceed and apply the 18 U.S.C. § 3553(a) discretionary factors to evaluate whether reducing Defendant's sentence by 1-13 months is warranted. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b)(2)(A); *Dillon*, 560 U.S. at 826-27.

In unpublished decisions, the Ninth Circuit has held "the amended guideline range does not include departures." *United States v. Aragon-Rodriguez*, 624 F. App'x 542, 543 (9th Cir. 2015) (unpublished); *see United States v. Ocegueda,* 778 F. App'x 510 (9th Cir. 2019) (unpublished); *United States v. Bishop,* 677 F. App'x 409 (9th Cir. 2017) (unpublished). However, under 9th Cir. R. 36-3(a), these unpublished dispositions are not binding authority. In the absence of binding precedent on the matter, courts within this district have previously calculated defendants' amended guideline ranges both with and without subtracting Fast Track departures. *See, e.g., United States v. Gonzalez,* 119 F. Supp. 3d 1266, 1268 (S.D. Cal. 2015) ("a court must back out from the calculation of the amended Guideline sentence range any departure or variance that was given previously, except for a Substantial Assistance departure"); *United States v. Aispuro*, No. 11-cr-02286-DMS, ECF No. 102 (S.D. Cal. 2015) ("Defendant's Base Offense Level would be recast . . . but he would not receive the benefit of the Fast Track Departure"); *but see, United States*

*v. Perez*, No. 13-cr-913-JM, 2017 WL 932139 (S.D. Cal. 2017) (including Fast Track departure in amended range calculation, but denying the defendant's motion because the original sentence was still less than the amended range); *United States v. Nunez-Argumedo*, No. 13-cr-4483-JM, 2016 WL 6427926 (S.D. Cal. 2016) (same).

In *United States v. D.M.*, 869 F.3d 1133 (9th Cir. 2017), the Ninth Circuit considered whether district courts should include departures when resentencing under U.S.S.G. § 1B1.10(b)(2)(B). This section allows courts to reduce a defendant's sentence beneath even the U.S.S.G. § 1B1.10(b)(1) amended guideline range if the defendant provided substantial assistance to authorities. After analyzing the structure and intent of § 1B1.10 in general, the *D.M.* court held that "nothing in the guideline or comments to the guideline . . . preclude[s] a court from considering various departures in a prior sentence when resentencing a defendant under U.S.S.G. § 1B1.10(b)(2)(B)." *Id.* at 1145. The court reasoned in part that excluding departures from the calculation inappropriately bars "those who have additional mitigating circumstances strong enough to merit formal downward departures equal to or greater than the amendment effects" from benefiting from mitigating factors during resentencing. *Id.* at 1142.

Though the § 1B1.10(b)(2)(B) substantial assistance exception is not at issue here, the Court finds the *D.M.* court's reasoning instructive for interpreting § 1B1.10 as a whole, particularly given the lack of binding authority and inconsistent persuasive authority on the specific issue in this case. Considering *Dillon*'s mandate that an 18 U.S.C. § 3582(c)(2) sentence reduction is not a full resentencing, 560 U.S. at 825, including original departures in recalculation is the best way to leave original "guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Excluding the fast track departure from Defendant's amended guideline range would create the same anomaly contemplated by the *D.M.* court: if the Court were to ignore original departures when calculating the amended guideline range, defendants with mitigating factors warranting departure would be less likely to benefit from a sentence reduction than defendants without these factors. Worse, if the Court reads "leave all other guideline application decisions unaffected" as "ignore

original guideline application decisions," defendants with *aggravating* factors warranting upward adjustment would benefit *more* from sentence reduction than defendants with neutral or mitigating factors.

Though this Court declined to include a fast track departure in an 18 U.S.C. § 3582(c)(2) resentencing in *Aispuro* (2014), the Ninth Circuit's subsequent reasoning in *D.M.* suggests including departures in amended guideline range calculations is more consistent with *Dillon* and the overall structure of U.S.S.G. § 1B1.10. Therefore, the Court now finds that Defendant's amended guideline range includes his original 4-level § 5K3.1 fast track departure. Defendant's post-amendment base offense level is 27. After the 4-level § 5K3.1 fast track departure, the final total offense level is 23. As Defendant is in criminal history category III, the amended guideline range is **57-71 months.** Since Defendant's original 70-month sentence is greater than the low end of the amended guideline range, U.S.S.G. § 1B1.10(b)(2)(A) does not bar reduction. Therefore, the Court may proceed to the final step of the analysis and evaluate whether any reduction is warranted.

    2. Applying 18 U.S.C. § 3553(a) discretionary factors under 18 U.S.C. § 3582(c)(2)

After deciding that a defendant is eligible for a sentence reduction under U.S.S.G. § 1B1.10(a) and calculating the extent of the allowable reduction under U.S.S.G. § 1B1.10(b), the Court must determine whether any reduction is warranted. *Dillon*, 560 U.S. at 826-27. Under 18 U.S.C. § 3582(c)(2), this final exercise of discretion is informed by the 18 U.S.C. § 3553(a) factors. *See Dillon*, 560 U.S. at 826.

The Sentencing Guidelines are but "one [advisory] factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 85, 85 (2007) (citing *United States v. Booker*, 543 U.S. 220, 225 (2005)). In imposing a sentence, a court may not "presume that the Guidelines range is reasonable," but must instead "make an individualized assessment based on the facts presented" as to the just sentence in each particular case. *Gall v. United States*, 552 U.S. 38, 50 (2007). Discretionary determinations must reflect the judicial commitment to "consider[ing] every

convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon*, 518 U.S. at 113. Accordingly, § 3553(a) requires courts to go beyond the Guidelines and consider a variety of factors to arrive at a sentence "sufficient, but not greater than necessary, to comply with the purposes" of punishment.

In this case, Defendant operated a vessel carrying approximately 2,200 kilograms (over 5,000 pounds) of marijuana. The estimated street value of this quantity of marijuana at the time of sentencing was between one and three million dollars. When Coast Guard personnel ordered Defendant to submit for inspection, Defendant failed to yield. He continued to flee even after a Coast Guard cutter fired a volley of warning shots at his panga boat. Defendant also threw a GPS unit and a cell phone overboard during the chase. Coast Guard personnel were only able to end the pursuit by firing shots into the boat's engine. The nature and circumstances of the offense, including the large quantity of drugs, failure to yield, and destruction of evidence, are aggravating factors. *See* 18 U.S.C. § 3553(a)(1).

Additionally, Defendant committed the offense at issue here while on supervised release after committing a similar crime. In 2012, immigration authorities arrested Defendant for transporting about fifteen illegal aliens into the United States via panga boat. As in this case, Defendant attempted to evade arrest following the 2012 offense. He also admitted to piloting the boat used in that operation. Defendant pled guilty to bringing in illegal aliens without presentation, 8 U.S.C. § 1324(a)(2)(B)(iii), and was sentenced to 177 days in custody to be followed by a 5-year term of supervised release. Defendant committed the instant offense in 2013, while serving his term of supervised release. Defendant's prior conviction for a similar offense and willingness to reoffend while on supervised release are aggravating factors. Defendant's past recidivism suggests that his sentence should focus on deterring future criminal conduct and protecting the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

///

Finally, the Court considers "any pertinent policy statement . . . issued by the Sentencing Commission . . . subject to any amendments" relevant to Defendant. 18 U.S.C. § 3553(a)(5)(A). Defendant seeks relief under Amendment 782, which the Commission issued in part to address overcrowding in federal prisons. U.S.S.G., amend. 782 (2014) ("the Commission considered the amendment an appropriate step toward alleviating the overcapacity of the federal prisons"). In this case, Defendant has already completed his custodial term. Granting the requested reduction would only lower his remaining term of supervised release, which would not serve the goal of reducing prison capacity. Further, reducing Defendant's term of supervised release would be contrary to the § 3553 goals of promoting respect for the law, deterring future offenses, and protecting the public. The originally imposed 3-year term of supervised release provides enhanced deterrent effect and protects the public from potential recidivism by monitoring Defendant, who has re-offended in the past.

### III.

### CONCLUSION

Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a). The Court is authorized to reduce Defendant's sentence by up to 13 months under § 1B1.10(b)(1). However, because of the nature and circumstances of the offense and Defendant's past recidivism, the Court recognizes the need for a period of supervised release sufficient to promote respect for the law, deter future criminal conduct, and protect the public from future crimes. In light of these considerations, the Court finds it necessary to continue supervised release for the original term of 3 years. Accordingly, the Court finds that any reduction in Defendant's sentence is unwarranted. Defendant's motion is **DENIED.**

   **IT IS SO ORDERED**.

Dated: July 21, 2020

Hon. Dana M. Sabraw
United States District Judge